UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN R. ATCHLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>PEPPERIDGE FARM, INC., a subsidiary of Campbell Foods, Inc.,<br><br>        Defendant. | No. CV-07-0277-FVS<br><br>ORDER |

**THIS MATTER** came before the Court on December 17, 2008, on Defendant's motion for judgment on the pleadings or, in the alternative, for summary judgment. (Ct. Rec. 20). John F. Bury represents Plaintiff. Defendant is represented by Richard W. Kuhling, David Laurence Broom, and Gregory S. Johnson.

**BACKGROUND**

Plaintiff owned and operated PFI distributorships from 2003 until approximately January 2005. Section 23 of Plaintiff's Consignment Agreement with PFI provided that, upon early termination of the distributorship, PFI would pay Mr. Atchley the fair market value of the distributorship, plus an additional 25%.

In November 2004, Plaintiff sued Defendant in Spokane County Superior Court alleging causes of action for contractual rescission, breach of contract, negligent misrepresentation, and violation of the Washington Franchise Investment Protection Act (hereinafter "Atchley I"). Defendant filed a notice of removal to federal court on November

ORDER - 1

29, 2004. Following removal to this Court, Plaintiff requested and received permission to amend his complaint to include a claim under the Business Opportunities Fraud Act. Plaintiff filed a First Amended Complaint on August 25, 2005.

On January 6, 2006, Plaintiff, through counsel, demanded payment for the alleged taking of his distributorship pursuant to Section 23 of the Consignment Agreement. PFI responded on February 14, 2006, stating, "Mr. Atchley's claim is without merit and is therefore rejected."

On March 20, 2006, in Atchley I, the Court denied Plaintiffs' motions for summary judgment and granted Defendant's cross-motions for summary judgment on all claims with the exception of the claim for negligent misrepresentation. (CV-04-0452-FVS; Ct. Rec. 157).

On January 30, 2007, Plaintiff moved to amend his complaint in Atchley I, for a second time, to add a cause of action against PFI for the conversion of his distributorship. The conversion claim alleged that PFI sold Plaintiff's distributorship to an unknown third party sometime in 2006. The Court denied the motion on August 14, 2007. (CV-04-0452-FVS; Ct. Rec. 300).

On August 28, 2007, Plaintiff commenced the instant action for conversion and related contract claims. (Ct. Rec. 1). The matter was originally assigned to Judge Whaley but reassigned to this Court on April 14, 2008. (Ct. Rec. 14).

On May 14, 2008, this Court dismissed Plaintiffs' remaining claims in Atchley I on summary judgment. (CV-04-0452-FVS; Ct. Rec. 474).

ORDER - 2

Defendant now moves to have the instant matter dismissed based on theories of claim splitting and laches. (Ct. Rec. 20).

**STANDARDS**

**I.    Judgment on the Pleadings Standard**

Once the pleadings in a civil case are closed, either party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard governing such motions is identical to that governing motions to dismiss brought under Rule 12(b)(6). A court may grant judgment on the pleadings when, "taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2005). However, a complaint should not be dismissed under Rule 12(c) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003) (internal citation omitted).

**II.   Summary Judgment Standard**

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273-74 (1986). A material fact is one "that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact may be considered disputed if the evidence is such that the fact-finder could find that the fact either existed or did

not exist.  *Id.* at 249, 106 S.Ct. at 2511 ("all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury . . . to resolve the parties' differing versions of the truth" (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968))).

The party moving for summary judgment bears the initial burden of identifying those portions of the record that demonstrate the absence of any issue of material fact.  *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).  Only when this initial burden has been met does the burden of production shift to the nonmoving party.  *Gill v. LDI*, 19 F.Supp.2d 1188, 1192 (W.D. Wash. 1998).  Inferences drawn from facts are to be viewed in the light most favorable to the non-moving party, but that party must do more than show that there is some "metaphysical doubt" as to the material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

**DISCUSSION**

**I.   Claim Splitting**

The doctrine of claim splitting bars a party from subsequent litigation when the same controversy has already been sued on. *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1058 (S.D. Cal. 2007).  The "main purpose behind the rule preventing claim splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim.'"  *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995).

ORDER - 4

Defendant contends the instant case should be dismissed based upon a claim splitting theory because it duplicates the action in Atchley I. In support of this assertion, Defendant cites *Adams v. California Dep't Health Serv.*, 487 F.3d 684 (9th Cir. 2007).

In *Adams*, the plaintiff brought an action alleging civil rights violations arising out of an employment dispute. *Id.* at 686-87. After the district court denied plaintiff's motion to amend her complaint as untimely, plaintiff's original claims proceeded to trial and a jury returned a verdict for the defendants. *Id.* at 687. When the plaintiff filed a second action, which asserted some additional claims and additional defendants, the district court dismissed the second case with prejudice because it was duplicative of the first. *Id.* In affirming the district court, the Ninth Circuit explained:

> Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." . . . To determine whether a suit is duplicative, we borrow from the test for claim preclusion. As the Supreme Court stated in *The Haytian Republic*, "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." . . . in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same.

*Id.* at 688-890 (citations omitted). In concluding that the district court did not abuse its discretion in dismissing the later-filed action with prejudice, the Ninth Circuit emphasized that the plaintiff had a full and fair opportunity to litigate her claims in the first action. *Id.* at 693. The Court specifically held "[w]hile we might have found an abuse of discretion had the claims in Adams's second suit been based on events occurring subsequent to the filing of her

ORDER - 5

complaint in the first action, that is not the case here.  To the contrary, Adams had a full and fair opportunity to raise and litigate in her first action the claims she now asserts in this action."  *Id*. (citation omitted).

Unlike the plaintiff in *Adams*, here, Plaintiff has not had a full and fair opportunity to litigate the claims asserted in the instant matter.  The denial of leave to file a second amended complaint in Atchley I was not based on the merits, but rather on the procedural ground of untimeliness.  (CV-04-0452-FVS; Ct. Rec. 300).  Thus, there has been no ruling on the merits of the claims asserted in this case.

Moreover, Plaintiff has a right to assert a new action based on PFI's alleged actions occurring **after** the filing of Atchley I.  While claim preclusion bars relitigation of the events underlying a previous judgment, it does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit. *See, SEC v. First Jersey Secs., Inc.,* 101 F.3d 1450, 1464 (2d Cir. 1996); *see, also, Los Angeles Branch NAACP v. Los Angeles Unified School District*, 750 F.2d 731, 739 (9th Cir. 1984) (holding that if defendant engages in actionable conduct after a lawsuit is commenced, plaintiff's election not to seek leave to file a supplemental pleading is not penalized by application of claim preclusion to bar a later suit on that subsequent conduct).  The crucial date is the date the complaint was filed.  The plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later-arising claims. *See, Curtis v. Citibank, N.A.,* 226 F.3d 133, 139 (2d Cir. 2000).

ORDER - 6

Furthermore, the complaint in this case raises a claim (tort of conversion) that is materially different from the causes of action asserted in Atchley I.

To determine if the doctrine of claim splitting bars a subsequent case, the Ninth Circuit "borrow[s] from the test for claim preclusion." *Adams*, 487 F.3d at 688. To determine whether successive causes of action are the same, the Ninth Circuit uses the transaction test, developed in the context of claim preclusion. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, courts must examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams*, 487 F.3d at 689; *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

The last criteria, whether the two suits arise out of the same transactional nucleus of facts, is the most important factor. *Adams*, 487 F.3d at 689; *Costantini*, 681 F.2d at 1202. Slight differences in specific factual contentions can be enough to negate a finding of claim preclusion. *Single Chip Systems Corp.*, 495 F.Supp.2d at 1062 (clarifying the holding in *Harkins Amusement Enterprises, Inc. v. Harry Nace Co.*, 890 F.2d 181, 183 (9th Cir. 1989)).

///

ORDER - 7

Here, the conversion claim does not arise out of the same transactional nucleus of facts as the claims in Atchley I. Both suits involve Mr. Atchley and PFI and the ownership and operation of a PFI consigned-product distributorship. However, the instant action involves allegations regarding the termination and resale of the distributorship, rather than the purchase, formation and operation thereof, the subject of Atchley I.

Atchley I, filed in November of 2004, alleged causes of action for contractual rescission, breach of contract, negligent misrepresentation, and violations of the Washington Franchise Investment Protection Act and Washington Business Opportunity Fraud Act. The allegations of conversion in the instant matter arise from the claim that PFI wrongfully took the distributorship and sold it at some point in 2006. (Ct. Rec. 1 ¶¶ 11-15). That alleged taking occurred subsequent to the filing of Atchley I. Thus, the two suits involve different factual contentions and do not arise out of a common nucleus of facts.

In fact, Defendant has previously admitted that the two cases are dissimilar. On February 12, 2007, in response to Plaintiff's motion to amend the complaint to add the claim for conversion in Atchley I, Defendant argued as follows:

> Atchley's latest attempt to amend his Complaint is based on a wholly different circumstance, and legal theory, than were his and Mr. Gilroy's original complaints, and then amended complaints. These lawsuits were based on alleged threshold violations of technical standards under the Franchise Act, breach of contract, and business fraud *at the time of purchase* by Atchley of his distributorship. The current amendment is based on a whole new theory and a completely different body of facts

///

ORDER - 8

> for potential investigation and discovery, to-wit, rights and obligations of Atchley and PFI relative to the operations near the end and regarding *ultimate disposition of Atchley's route.*

(CV-04-0452-FVS; Ct. Rec. 220 at 10) (emphasis in original). Based on the previous admission by Defendant that the conversion claim is comprised of "a completely different body of facts," the Court finds it is inconsistent for Defendant to base its current motion on a directly opposite argument (that the second case arises out of the same facts and transaction as the first). In any event, this Court has also previously determined, in ruling on Plaintiff's motion to amend in Atchley I, that Plaintiff's proposed conversion claim is materially different from the misrepresentation claim in Atchley I. (CV-04-0452-FVS; Ct. Rec. 300 at 4).

In addition, the alleged rights infringed, the third criterion, are different in both suits. Because the claims arise from distinct facts and rights, a decision in the instant matter would not destroy or impair a judgment in Atchley I. It also appears different evidence would be presented in the two actions.

Accordingly, applying the four criteria of the "transaction test" leads to a determination that the instant action is not duplicative of Atchley I. The Court therefore denies Defendant's motion based on the doctrine of claim splitting.

**II.  Laches**

Defendant additionally argues that this action should be dismissed based on laches. Defendant claims unreasonable delay on behalf of Plaintiff in bringing the instant action and resultant prejudice.

ORDER - 9

The doctrine of laches is an equitable time limitation on a party's right to bring a suit. *Miller v. Glenn Miller Prod. Inc.*, 454 F.3d 975, 997 (9th Cir. 2006). The doctrine serves as a bar to those who "sleep on their rights." *Id.* (citations omitted). To prevail on a theory of laches, Defendant must demonstrate unreasonable delay on the part of Plaintiff. Here, the facts show otherwise.

As indicated above, Plaintiff, through counsel, demanded payment for the alleged taking of his distributorship pursuant to Section 23 of the Consignment Agreement on January 6, 2006. PFI responded on February 14, 2006, stating, "Mr. Atchley's claim is without merit and is therefore rejected." On January 30, 2007, Plaintiff moved to amend his complaint in Atchley I to add a cause of action against PFI for conversion. The conversion claim alleged that PFI sold Plaintiff's distributorship to an unknown third party at some point in 2006. The Court denied the motion on August 14, 2007. (CV-04-0452-FVS; Ct. Rec. 300). On August 28, 2007, Plaintiff commenced the instant action. (Ct. Rec. 1).

Even assuming Plaintiff knew he had a basis for a cause of action for conversion as early as January 12, 2005, as alleged by Defendant,[1] the Court finds that Plaintiff's demand letter just one year later, attempted amendment to add the claim two years later and filing of the instant action shortly after denial of his motion to amend defeats an assertion of unreasonable delay. Plaintiff also provides valid support that any delay was reasonable in light of PFI's refusal to

---

[1] Plaintiff contends the conversion of the route occurred at a later time, when it was allegedly sold in 2006. (Ct. Rec. 45 at 14).

ORDER - 10

provide any information or requested discovery on the operation of the route post-January 2005 or on the sale of the route.  (Ct. Rec. 45 at 14).  The Court thus finds that the instant action should also not be dismissed based on laches.

The Court being fully advised, **IT IS HEREBY ORDERED** Defendant's motion for judgment on the pleadings or, in the alternative, for summary judgment (**Ct. Rec. 20**) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   22nd   day of December, 2008.

                                    S/Fred Van Sickle
                                    Fred Van Sickle
                         Senior United States District Judge

ORDER - 11